IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTOINE SMITH, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>ALLIED SERVICES, LLC, )<br>)<br>  Defendant. ) | Case No. 10-cv-0512-MJR-DGW |

ORDER REGARDING SUBJECT MATTER JURISDICTION

REAGAN, District Judge:

On May 24, 2010, Antoine Smith filed suit in the Circuit Court of St. Clair County, Illinois against Allied Services, Inc. Smith's complaint alleges that Allied (a corporation in the waste management business) employed Smith from August 2008 through mid-November 2009 and wrongfully terminated Smith from his job in retaliation for Smith's exercise of rights secured to him by the Illinois Workers' Compensation Act.

Served with process on June 16, 2010, Defendant Allied timely removed the action to this United States District Court on July 13, 2010. This Court's first task is to verify that subject matter jurisdiction lies. See, e.g., Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010)("The first question in every case is whether the court has jurisdiction"); Winters v. Fru-Con, Inc., 498 F.3d 734, 740 (7th Cir. 2007)("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). Accord McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005).

As the party seeking this federal forum, Defendant Allied bears the burden of establishing that the jurisdictional requirements are satisfied. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802–03 (7th Cir. 2009). Allied's removal notice invokes diversity jurisdiction under 28 U.S.C. 1332, which requires complete diversity between the parties and an amount in controversy exceeding $75,000. Smith's complaint seeks over $50,000 in compensatory damages plus over $50,000 in punitive damages.

Since (a) it is the case, rather than a single count or claim, to which the $75,000 minimum applies, LM Ins. Corp. v. Spaulding Enterprises, Inc., 533 F.3d 542, 548 (7th Cir. 2008), and (b) at this point, the amount in controversy allegation has not been contested, the record before this Court indicates that the amount in controversy suffices. But Allied has failed to provide all the information this Court needs to conclude that the parties are completely diverse.

We know that Plaintiff is an Illinois citizen. We are lacking details as to Defendant Allied's state(s) of citizenship. Both Plaintiff's complaint and Allied's own pleadings refer to Allied as a limited liability corporation or LLC. Oddly, though, Allied's removal notice states that it is incorporated in Delaware and maintains a principal place of business in Arizona. Those are the aspects of citizenship for a corporation but not for an LLC.

Seventh Circuit law is clear on this point. For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members.

Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009); Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007); Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007).

Accordingly, before this Court can determine that subject matter jurisdiction lies (which leads to assigning a "track" and a firm trial date to the case), Defendant Allied must furnish additional information. The Court DIRECTS Allied to file an <u>Amended Removal Notice</u> identifying the citizenship of all parties (including each member of the LLC) no later than Monday, <u>August 16, 2010</u>.

IT IS SO ORDERED.

DATED July 16, 2010.

s/ Michael J. Reagan
Michael J. Reagan
United States District Judge